Filed 10/27/25  P. v. Robinson CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LAMONT ROBINSON,<br><br>        Defendant and Appellant. | A172988<br><br>(San Francisco City & County Super. Ct. No. 24023442) |

Defendant Lamont Robinson pled guilty to one count of being a felon in possession of a firearm and was sentenced to 16 months in prison.  He appealed, and his appellate counsel asked this court for an independent review of the record to determine whether there are any arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436.)  Robinson was informed of his right to file a supplemental brief and did not do so.  We conclude there are no arguable issues and affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

In December 2024, San Francisco police responded to a ShotSpotter alert and discovered a parked Toyota Sienna with several holes in its

windshield.[1]  Eight .45-caliber fired casings were found at the scene, and a blue van registered to Robinson was parked nearby.

Surveillance footage from a corner store showed a man shooting at the Sienna earlier that day.  The footage also showed the shooter had a dog and, an hour or so before the shooting, was "going in and out of" the blue van.  The officer who reviewed the footage testified that the shooter resembled Robinson, based on Robinson's DMV record.  Both men were Black, were of similar height and build, and had what was variously described as "a lazy left eye" or "a distinctive scar or marking" on one eye.

Three days after the shooting, the police located the blue van. Robinson and another man approached the van with a dog, which appeared similar to the dog observed with the shooter.  The men were arrested, and the van was searched.  A loaded .45 Glock 30 firearm was on the van's rear bench seat, where Robinson had been sitting before he was taken into custody, and a loaded nine-millimeter IntraTec TEC-9 firearm was behind the rear bench seat.  Robinson admitted that he owned the TEC-9 but denied that the Glock was his or that he shot at the Sienna.

Before the preliminary hearing, Robinson filed a motion to suppress various evidence, including the firearms.  He argued that the police lacked probable cause to arrest him because the surveillance footage was insufficient to support his identification as the shooter.  At the conclusion of the preliminary hearing, the trial court denied the motion.

In January 2025, an information was filed charging Robinson with seven felony counts:  two counts of being a felon in possession of a firearm, two counts of carrying a loaded firearm in public, one count of unlawfully

---

[1] The underlying facts are drawn from the transcript of the preliminary hearing, which Robinson stipulated provided a factual basis for his plea.

carrying a concealed firearm in a vehicle, one count of possessing an assault weapon, and one count of unlawfully possessing ammunition. Seven prior felony convictions were also alleged to support the counts of firearm possession and ammunition possession.[2]

Under a plea agreement, Robinson pled guilty to one count of being a felon in possession of a firearm (the TEC-9) and admitted the seven alleged prior convictions. The remaining charges were dismissed. In March 2025, the trial court sentenced him to the agreed-upon low term of 16 months in prison. The court imposed and stayed a $300 restitution fine but did not impose any other fines or fees.

## II.
### DISCUSSION

Robinson did not obtain a certificate of probable cause for this appeal, meaning that our review is limited to the denial of his motion to suppress, the sentence, and any "other matters occurring after the plea or admission that do not affect the validity of the plea or admission." (Cal. Rules of Court, rule 8.304(b).) Having reviewed the record, including the transcript of the preliminary hearing, we find no arguable issues.

---

[2] The charges were brought under Penal Code sections 29800, subdivision (a)(1) (possessing firearm as felon), 25850, subdivision (a) (carrying loaded firearm in public), 25400, subdivision (a)(1) (carrying concealed firearm in vehicle), 30605, subdivision (a) (possessing assault weapon), and 30305, subdivision (a)(1) (unlawfully possessing ammunition). Robinson was alleged to have 1996, 1999, and 2011 convictions of transporting or selling a controlled substance under Health and Safety Code section 11352, subdivision (a); 2002, 2005, and 2007 convictions of possessing cocaine base for sale under Health and Safety Code section 11351.5; and a 2010 conviction of being a felon in possession of a firearm under Penal Code former section 12021, subdivision (a).

3

No error appears in the denial of the motion to suppress, as the totality of the circumstances provided probable cause to believe that Robinson was the man who shot at the Sienna.  (See *People v. Diaz* (2023) 97 Cal.App.5th 1172, 1178.)  Nor does any error appear in the entry of the plea or the sentencing proceedings.  Robinson was advised of his constitutional rights and the consequences of his plea before he entered it, and he received the sentence he was promised.  The trial court found that his waiver of rights was knowing and intelligent and there was a factual basis for the plea.  His custody credits were properly calculated, and the only fine imposed was stayed.  He was represented by counsel throughout the proceedings.  There are no potentially meritorious issues to be argued on appeal.

### III.
#### DISPOSITION

The judgment is affirmed.

_____

Humes, P.J.


WE CONCUR:


_____

Langhorne Wilson, J.


_____

Smiley, J.


*People v. Robinson*  A172988